UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **TIMOTHY RAY RAINWATER** | **CIVIL ACTION NO. 06-0347** |
| **VS.** | **SECTION P** |
| **AVOYELLES PARISH JAIL, ET AL.** | **JUDGE TRIMBLE** |
| | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed on or about February 24, 2006, by *pro se* petitioner Timothy Ray Rainwater. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Avoyelles Parish Jail, Marksville, Louisiana, where he is serving concurrent sentences totaling 15 years. The sentences were imposed by the Thirty-Sixth Judicial District Court following petitioner's July 2002 convictions for multiple counts of simple burglary and aggravated burglary. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

For the following reasons, it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred under the provisions of 28 U.S.C. §2244(d).

## STATEMENT OF THE CASE

Sometime prior to June 28, 2002, petitioner was charged with two counts of simple burglary of an inhabited dwelling and two counts of aggravated burglary in the Thirty-Sixth Judicial District Court. On that date, District Attorney David W. Burton corresponded with

petitioner's attorney, Mr. Charles A. "Sam" Jones, III, wherein Burton advised counsel that

> Rainwater is a career criminal . . . he was sent to Louisiana Training Institute twice for auto theft, serving a total of 29 months, and was then released at age 16 under supervision. He was convicted of Burglary of a Habitation in Texas, in 1981, and then of Escape, also in Texas, during the same year. He was thereafter convicted of Burglary, once again in the State of Texas, in 1984, and of the illegal carrying of a Weapon in Beauregard Parish in 1995. Accordingly, if Rainwater enters pleas of guilty to two (2) counts of Simple Burglary of an Inhabited Dwelling, and to two (2) counts of Aggravated Burglary, we will recommend sentences of 12 years DOC on each count of Simple Burglary of an Inhabited Dwelling, 1 year without benefit of parole; AND, 15 years DOC on each count of Aggravated Burglary, all of the sentences to run concurrently, but consecutively to any prior unserved sentences. We will waive the filing of habitual offender proceedings. If Rainwater is declared to be a fourth felony offender, the minimum sentence according to my reading of the habitual offender law, would be 30 years DOC for Aggravated Burglary. [Doc. 1-5, pp. 2-3].

On July 17, 2002, petitioner accepted the plea agreement and entered guilty pleas to two counts of Simple Burglary of an Inhabited Dwelling and two counts of Aggravated Burglary. In accordance with the plea agreement, petitioner was sentenced to concurrent sentences of 12 years each on the Simple Burglary convictions and concurrent sentences of 15 years each on the Aggravated Burglary convictions. These sentences were ordered to be served concurrently to one another but consecutive to any other prior unserved sentences. [Doc. 1-5, p. 4, pp. 11-12, Doc. 1-6, pp. 1-3, and Doc. 1-7, pp. 1-7]. Petitioner did not appeal his conviction and sentence. [Doc. 1-5, p. 7 at paragraph 10].[1]

On September 17, 2004, petitioner filed an Application for Post-Conviction Relief in the Thirty-Sixth Judicial District Court. [Doc. 1-1, paragraph 7(b); Doc. 1-5, pp. 1-7]. He alleged a single claim for relief – "His pleas of guilty were unlawfully coerced." [Doc. 1-5, p. 8].

---

[1] Indeed, under Louisiana law, petitioner could not appeal his conviction since he entered a guilty plea. A plea of guilty normally waives all non-jurisdictional defects in the proceedings prior to the plea. *State v. Crosby*, 338 So.2d 584 (La.1976). Further, petitioner could not appeal his sentence. See La. C.Cr.P. art. 881.2(A)(2), "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." Petitioner's plea agreement specified a particular sentence and petitioner was sentenced to the agreed upon sentence.

On September 27, 2004, the application was denied. The trial court noted that petitioner had not provided proof that the ten year cleansing period of R.S.15:529.1 had expired. The court also denied the petition as untimely since it was filed more than two years after petitioner's judgment of conviction and sentence had become final. [Doc. 1-5, p. 9].

On November 9, 2004, petitioner filed an application for writs in the Third Circuit Court of Appeals. His writ application was assigned docket number KH 04-01493 and on December 22, 2004, writs were denied. *State of Louisiana v. Timothy Ray Rainwater*, KH 04-01493 (La. App. 3 Cir. 12/22/2004). [Doc. 1-5, p. 6].

On an unspecified date, petitioner applied to the Louisiana Supreme Court for supervisory or remedial writs. On January 13, 2006, his writ application was denied. In denying writs, the Supreme Court relied upon La. C.Cr.P. art. 930.8 and *State ex rel. Glover v. State*, 93-2330, (La. 9/5/95), 660 So.2d 1189.[2] *State ex rel. Timothy Rainwater v. State of Louisiana*, 2005-KH-0614 (La. 1/13/2006), 920 So.2d 224.

Petitioner signed his federal *habeas corpus* petition on February 17, 2006.[3]

## LAW AND ANALYSIS

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA,

---

[2] Art. 930.8 provides a two-year limitations period for the filing of applications for post-conviction relief; this two-year period is generally reckoned from the date of finality of judgment. In *Glover*, Louisiana's Supreme Court held that an appellate court reviewing the judgment of trial court on an untimely application for post-conviction relief is not precluded from denying relief on basis of art. 930.8 even though the lower court addressed the merits of the case. *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So.2d at 1201-02.

[3] See *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), wherein a bright-line "mailbox rule" for *pro se* prisoners was established. The Supreme Court recognized that without a mailbox rule, prisoners acting *pro se* would be unduly prejudiced in their attempts to exercise their rights under the law: "Unskilled in law, unaided by counsel, and unable to leave the prison, [a prisoner's] control over the processing of his notice necessarily ceases as soon as he hands it over to the only public officials to whom he has access– the prison authorities–and the only information he will likely have is the date he delivered the notice to those prison authorities and the date ultimately stamped on his notice." *Houston*, 487 U.S. at 271-72, 108 S.Ct. at 2382-83. For the purposes of this report, the undersigned has assumed that the date petitioner signed his pleadings is the date he filed them.

including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by the AEDPA to provide a one-year period of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a state court. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A).[4] The statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte. Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner was convicted and sentenced July 17, 2002, and he did not appeal his conviction and sentence. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by the conclusion of direct review or the expiration of the time for seeking such review" [28 U.S.C. § 2244(d)(1)(A)], five days following the imposition of sentence[5] or, on or about July 25, 2002.[6]

---

[4] Petitioner does not argue, nor do his pleadings suggest that another date should be utilized to reckon the period of limitations. There appear to have been no state created impediments to filing suit, no constitutional rights newly recognized by the Supreme Court, and no recent discovery of the factual predicate of petitioner's claims. Thus, the reckoning period of 28 U.S.C. §2244(d)(1)(B), (C), or (D) do not apply.

[5] See La. C.Cr.P. art. 914(b)(1) which, at the time of petitioner's conviction, provided, "The motion for an appeal must be made no later than [f]ive days after the rendition of the judgment or ruling from which the appeal is taken." Art. 914 was amended by Act No. 949, § 1 of the 2003 Louisiana Legislature to extend the time period to thirty days.

[6] La. C.Cr.P. art. 13 provides: "In computing a period of time allowed or prescribed by law...the date of the act, event, or default after which the period begins to run is not to included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday. ... A legal holiday is to be

Under 28 U.S.C. § 2244(d)(1) he had one year, or until July 25, 2003, to file his federal *habeas corpus* petition. He cannot rely on the tolling provisions of 28 U.S.C. §2244(d)(2) because the exhibits establish that he did not seek post-conviction relief in the state courts until September 2004, and by that time his federal claims had already prescribed. Further, he could not revive the already expired limitation period simply by filing his application for post-conviction relief in the state court. *Villegas* 184 F.3d at 472. Once the federal filing period elapses, subsequent state filings have no bearing on the timeliness of an application for federal *habeas corpus* relief.

Further, petitioner's state post-conviction application was ultimately dismissed as untimely by the Louisiana Supreme Court. *State ex rel. Timothy Rainwater v. State of Louisiana*, 2005-KH-0614 (La. 1/13/2006), 920 So.2d 224. A federal *habeas corpus* petitioner cannot rely upon the statutory tolling provisions of §2244(d)(2) if by the time he filed the application, it was time-barred under state law. This is so because an untimely application for post-conviction relief cannot be considered "properly filed" so as to toll the running of the limitations period. See *Pace v. DiGuglielmo*, 544 U.S. 408 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (A petitioner's state post-conviction petition, which was rejected by the state court as untimely under state statute of limitations, was not "properly filed," within the meaning of the statutory tolling provision of the AEDPA and thus could not toll the limitations period.) Thus, petitioner's post-conviction relief application which was pending between September 2004 and January 2006 did not toll the limitations period according to *Pace*. Accordingly, the *habeas* petition before this court is time-barred.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND**

---

included in the computation ... except when ...the period is less than seven days." Petitioner was convicted and sentenced on Wednesday, July 17, 2002. The five day delay for filing an appeal commenced on Thursday, July 18, 2002, and, since Saturday, July 20 and Sunday, July 21 were holidays, the period expired on Wednesday, July 24, 2002.

**DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, July 12, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE